## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE 21-00176 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MORRIS JAMES | MAGISTRATE JUDGE WHITEHURST |

### MEMORANDUM ORDER

Before the Court is a Motion to Dismiss the Indictment filed by Defendant, Morris James ("James"). See Record Document 32. James seeks dismissal of the indictment charging him with knowingly and intentionally possessing with intent to distribute over 500 grams of cocaine is proper because he believes 1) the language of the indictment lacks adequate factual allegations of where and under what circumstances the grand jury considered its charges, 2) the indictment fails to inform James or the Court of the particular conduct considered by the grand jury, 3) the deficiencies of the indictment leave it to the Government to decide which facts to use in its prosecution of James, and 4) it is impossible for James to know what conduct he may use as a double jeopardy defense. James' alleges the indictment violates his Fifth Amendment due process right, his Sixth Amendment right to an indictment only on facts presented to a grand jury, and his right to be apprised of the criminal charges against him.

The Government opposes the Motion, countering that the indictment meets the requirements of the Sixth Amendment and Federal Rule of Criminal Procedure 7. See Record Document 34. The Sixth Amendment requires that an indictment "(1) enumerate each *prima facie* element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense

against future prosecutions." United States v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996). Rule 7 mirrors these requirements.

The Court believes the indictment charging James is sufficient. There is no requirement that the precise date on which the alleged criminal conduct be included, nor must the exact location be determined. See U.S. v. Ellender, 947 F.2d 748, 755-56 (5th Cir. 1991). Presently, the indictment informs James that he is charged with knowingly and intentionally possessing with the intent to distribute over 500 grams of a substance containing cocaine. The charge states this conduct occurred on or about June 22, 2021 in the Western District of Louisiana. The indictment lastly states James' alleged conduct is in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

James' arguments for dismissal amount to attacks on the sufficiency of the evidence supporting the indictment. "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits." U.S. v. Reece, No. 12-00146, 2013 WL 5234277, at * 3 (W.D. La. 09/13/2013) (internal quotations omitted). The Court is to accept the information contained in the indictment as true and will only grant dismissal of the charge where there is a question of law involved. See id.

For these reasons,

**IT IS ORDERED** that the Motion to Dismiss the Indictment (Record Document 32) is **DENIED**.

**THUS DONED AND SIGNED** in Shreveport, Louisiana, this 24th day of January, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT